IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CULHANE MEADOWS, PLLC<br>13101 Preston Road<br>Suite 110-15000<br>Dallas TX 75240<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. POSTAL SERVICE,<br>475 L'Enfant Plaza, SW<br>Washington, DC 20260<br><br>　　　　　　Defendant | )<br>)<br>)<br>)　Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Culhane Meadows, PLLC (Plaintiff) brings this action against the U.S. Postal Service (Defendant) to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552:

1.　Plaintiff challenges the Postal Service's wholesale redacting of 17 pages of communications between the USPS Ethical Conduct Officer and a senior USPS procurement official. The documents were requested under the Freedom of Information Act (FOIA) but redacted on inapplicable and outdated arguments, particularly in light of this Court's recent FOIA ruling in *Citizens for Responsibility & Ethics in Wash. v. USPS*, No. 20-2927 (JDB), 2021 BL 310256 (D.D.C. Aug. 17, 2021)("*CREW* case"). This case goes to the heart of FOIA as the requested records bear on the integrity of various sole source and competition-restricted contract awards made when the senior official was seeking private employment.

2.　Plaintiff seeks declaratory relief that the USPS is in violation of FOIA, injunctive relief requiring the USPS to immediately process and release the requested records, and an award of reasonable attorneys' fees and costs.

1

**Jurisdiction and Venue**

3. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as well as under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Culhane Meadows, PLLC (Plaintiff), the party that submitted the FOIA request, is a professional limited liability company organized under the laws of the State of Texas. Plaintiff's principal business address is 13101 Preston Road, Ste. 110-1500, Dallas, Texas 75240.

6. The U.S. Postal Service (Defendant) is an independent establishment of the executive branch of the Government of the United States, 39 U.S.C. § 201, and is an agency of the U.S. Government within the meaning of 5 U.S.C. § 552(f) and headquartered at 475 L'Enfant Plaza S.W., Washington, DC 20260. Defendant has possession, custody, and control of records responsive to Plaintiff's FOIA request.

**Factual Background**

7. By letter dated September 10, 2021, Plaintiff submitted a FOIA request to the USPS for records relating to the ethical conduct communications and instructions between the USPS Ethical Conduct Officer and USPS official Douglas G. Veatch. (**Complaint Exhibit 1**, September 10, 2021 FOIA Request.)

8. Plaintiff's FOIA request (**Complaint Exhibit 1**) sought the following:

1. All records of guidance pertaining to Mr. Veatch by the USPS Ethical Conduct Officer (or designee) from January 1, 2021 to the present.

2. All records of communications between the USPS Ethical Conduct Officer (or designee) and Mr. Veatch, or pertaining to Mr. Veatch, from January 1, 2021 to present.

3. All ethical guidance, ethics agreements, records of recusals, and screening arrangements pertaining to Mr. Veatch from January 1, 2021 to the present.

4. Any determination granting an exemption to any requirement or subsection under 18 U.S.C. § 208 for Douglas Veatch. [Please note that USPS is also required to produce these documents pursuant to 18 U.S.C. § 208(d).]

9. In sum, the FOIA request sought communications between USPS procurement official Douglas Veatch and the USPS Ethical Conduct Office, including any ethics guidance or recusals, and any exemption from ethical conduct requirements issued under 18 U.S.C. § 208.

10. While serving as a USPS procurement official, Mr. Veatch was involved in the Postal Service's review, administration, and negotiation of claims arising under multiple contracts issued to Postal Fleet Services, Inc. and The Stageline Company.  Upon information and belief, he was also involved in the Postal Service's decision to terminate a large number of those companies' contracts and award them on a sole source and limited competitive basis to other companies.  Around this time or sometime thereafter, Mr. Veatch engaged in employment discussions with, and accepted employment at, a company that received award of many of those contracts.

11. While FOIA does not require a requester to identify the purpose of the request, the purpose here was to seek information concerning Mr. Veatch's involvement in these matters,

any ethical conduct instructions he was given, and whether and to what extent he participated in or was recused from involvement in procurement-related activity.  These issues go to the core of the integrity of the Postal Service's procurement system, which should be free from any influence arising from an individual's own economic self-interest.  Indeed, this Court has previously held that employment discussions between a Postal Service representative and a company in line for a contract award in which the representative was involved tainted the entire procurement.  *See Express One International, Inc. v. U.S. Postal* Service, 814 F. Supp. 933 (D.D.C. 1992).

12. By letter dated October 7, 2021, the USPS identified and provided 17 pages of responsive material but redacted almost all text.  (**Complaint Exhibit 2**, USPS's October 7, 2021 FOIA response.)  By redacting nearly all substantive information, the Postal Service effectively denied the FOIA request.

13. The only justification given for the wholesale withholding of substantive text was the conclusory statement that "bodies of certain emails were redacted pursuant to Exemption 5, as they are protected under the attorney-client privilege and the deliberative process privilege." (**Complaint Exhibit 2**, p. 2.)  The Postal Service did not explain how these exemptions supposedly applied to the responsive documents and the wholesale redactions it made.

14. Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). To fall within Exemption 5, "a document must meet two conditions: 'its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it.'" *Stolt-Nielsen Transp. Grp. v. United States*, 534 F.3d 728, 733 (D.C. Cir. 2008).

15. By letter dated December 20, 2021, Plaintiff submitted an administrative appeal challenging USPS's withholding decision. (**Complaint Exhibit 3**.)

16. In the appeal, Plaintiff rebutted the Postal Service's contention that the deliberative process and attorney-client privileges applied and showed that the redactions were overly broad. Plaintiff also argued that the USPS failed to conduct an adequate search. (**Complaint Exhibit 3.**)

17. The deliberative process privilege does not apply because USPS's ethical conduct, conflict of interest, and post-employment restriction rules were already in place and were not being reconsidered or reevaluated in the course of Veatch's communications with the USPS Ethical Conduct Office. Moreover, the Postal Service did not even allege that Veatch's communications with the USPS Ethical Conduct Office sought to establish or change any USPS policy. (**Exhibits 2 and 4.**)

18. The attorney-client privilege similarly did not apply to the requested records. Indeed, § 662.11 of the Postal Service Employee Labor and Relations Manual makes clear that employees communications with the agency's ethics official "does not personally enjoy an attorney-client privilege with respect to such communications." (**Complaint Exhibit 3**, p. 5.)

19. On January 7, 2022, the USPS General Counsel affirmed the denial of FOIA request 2022-FPRO-03184. In denying Plaintiff's FOIA request and administrative appeal, the USPS raised the same unsuccessful arguments that the Postal Service made in the *CREW* case. (**Complaint Exhibit 4.**)

20. Plaintiff seeks similar information to that requested in the *CREW* case. *See Citizens for Responsibility & Ethics in Wash. v. USPS*, 2021 BL 310256. In the *CREW* case, the plaintiff challenged USPS's withholding of records regarding the Postmaster General's financial

holdings and conflict-of-interest obligations, such as recusal memoranda. The USPS withheld certain documents based on the assertion of attorney-client and deliberative process privileges. This Court rejected both grounds. First, the Court found that the USPS did not establish a plausible attorney-client relationship between the Postmaster General and ethics counsel or account for the high likelihood of third-party disclosure of the documents at issue. Second, the Court also rejected USPS's interpretation of the deliberative process privilege as effectively shielding all action from review and undermining the FOIA process.

21. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for the USPS's denial of such access.

## Count I
### (Declaratory and Injunctive Relief: Violation of FOIA, 5 U.S.C § 552)

22. In its September 10, 2021 FOIA request, Plaintiff requested records within the possession, custody, and control of the USPS. (**Complaint Exhibit 1**.)

23. The Postal Service is an agency subject to FOIA, 5 U.S.C § 552(f), and is thus required to disclose all responsive records in its possession that are not specifically exempt from disclosure. The Postal Service must provide a lawful reason for withholding any records or portions of records as to which an exemption is claimed.

24. The USPS failed to conduct an adequate search in response to Plaintiff's FOIA request.

25. The USPS is wrongfully withholding non-exempt records or parts thereof responsive to Plaintiff's FOIA request by failing to produce non-exempt records responsive to its FOIA request.

26. The USPS's failure to provide all non-exempt responsive records and its wholesale redactions in the records it did provide violates FOIA.

27. Plaintiff is therefore entitled to injunctive and declaratory relief requiring the USPS to promptly produce all non-exempt records responsive to Plaintiff's FOIA request and to provide unredacted copies of the material previously provided.

### **Requested Relief**

Wherefore, Plaintiff respectfully requests that this Court:

1. Declare that USPS has violated FOIA;

2. Order USPS to immediately and fully process Plaintiff's September 10, 2021 FOIA request and disclose all non-exempt records to Plaintiff, within 10 business days of the Court's order;

3. Order USPS to provide unredacted versions of the materials previously provided;

4. Declare that Plaintiff is entitled to immediate processing and disclosure of the requested records;

5. Enjoin USPS from continuing to withhold any and all non-exempt records responsive to Plaintiff's request;

6. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

7. Award Plaintiff its reasonable attorneys' fees and other costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

8. Retain jurisdiction of this action to ensure no agency records are wrongfully withheld; and,

9. Grant Plaintiff any other relief the Court deems just and proper.

Dated: March 14, 2022              Respectfully submitted,

*/s/David P. Hendel*
David P. Hendel
D.C. Bar. No. 370705
Culhane Meadows PLLC
1701 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-5823
Direct: (202) 683-2022
dhendel@cm.law

Counsel for Plaintiff Culhane Meadows PLLC